UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

CALVIN LESLIE,

Plaintiff,

v.

WALTER LOPEZ, *et al.*,

Defendants.

Case No. 3:25-cv-00683-MMD-CLB

ORDER

Pro se Plaintiff Calvin Leslie, currently in the custody of the Nevada Department of Corrections at Lovelock Correction Center, filed an application to proceed *in forma pauperis* ("IFP") (ECF No. 1), a motion for the appointment of counsel (ECF No. 1-2), and a civil rights complaint (ECF No. 1-1 ("Complaint")) under 42 U.S.C. § 1983 against Walter Lopez, his former probation officer, Alan Tinder, Lopez's supervisor, and Bertha Constaine, a secretary at the probation office. (ECF No. 1-1 at 1.) Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Carla L. Baldwin (ECF No. 5), recommending the Court grant the IFP application (ECF No. 1), deny the motion for the appointment of counsel (ECF No. 1-2), and dismiss the Complaint with prejudice as to two claims and dismiss with leave to amend as to one claim. (ECF No. 5 at 8-9.) To date, no objections to the R&R have been filed. Because there is no objection, and, as further explained below, the Court adopts the R&R in full.

Because there is no objection, the Court need not conduct de novo review and is satisfied that Judge Baldwin did not clearly err. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations." (emphasis in original)). Judge Baldwin first recommends the Court grant the IFP application (ECF No. 1) because Leslie is unable to make an initial

installment payment towards the full filing fee under 28 U.S.C. § 1915. (ECF No. 5 at 1-2.)

Judge Baldwin then screens the Complaint (ECF No. 1-1) and recommends dismissal with prejudice as to claims 1 and 2 relating to Leslie's arrest on December 17, 2022, which are construed as unlawful arrest and retaliation claims, because they are vague and fail to allege facts "showing that [he] is entitled to relief" under Federal Rule of Civil Procedure 8(a)(2).[1] (ECF No. 5 at 4-5.) Judge Baldwin points out that, even construing the allegations of the Complaint liberally, its conclusory statements do not give rise to an unlawful arrest claim in violation of the Fourth Amendment, as there are insufficient facts to show the arrest was made without probable cause. (*Id.* at 5 (citing *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1018 (9th Cir. 2015)).) Moreover, Leslie's claims are barred by the statute of limitations because his arrest occurred on December 17, 2022, nearly three years before this action was filed.[2] (*Id.* at 5-6.)

The Court agrees that, even construing these allegations together and liberally, the Complaint fails to state unlawful arrest or retaliation claims. It is unclear precisely what Leslie was arrested for or the circumstances surrounding his arrest. The Court further agrees that Leslie's claims are barred by the statute of limitations. Judge Baldwin is therefore correct in her determination, so the Court will dismiss with prejudice as to claims 1 and 2. Leave to amend is inappropriate here because the issues identified by the Court cannot be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Judge Baldwin recommends dismissal with leave to amend Leslie's claim relating to the small claims proceeding in which Defendant and probation office secretary,

---

[1]A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[2]"[F]ederal courts apply the forum state's personal injury statute of limitations for section 1983 claims." *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999) (internal citation omitted). In Nevada, the statute of limitations for personal injury actions is two years. *See* NRS § 11.190(4)(e).

Constaine, testified—and allegedly lied—about Leslie violating the conditions of his house arrest. (ECF No. 5 at 4, 6, 8.) Here, Leslie fails to state a § 1983 claim. (*Id.* at 6.) Leslie alleges only that Constaine lied, without providing facts showing state action, Constaine's employment at the time, or a constitutional violation. (*Id.*) However, because the claim against Constaine is not time barred, the Court agrees that granting leave to amend is proper.[3] (*Id.*)

Lastly, Judge Baldwin recommends denying the motion for the appointment of counsel (ECF No. 1-2) because there is no constitutional right to appointed counsel in a § 1983 action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd en banc on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and "exceptional circumstances" do not apply here. (ECF No. 5 at 7-8); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Accordingly, having reviewed the R&R, Judge Baldwin did not clearly err.

It is therefore ordered that Judge Baldwin's Report and Recommendation (ECF No. 5) is adopted in full.

It is further ordered that Leslie's application to proceed *in forma pauperis* (ECF No. 1) is granted.

It is further othered that the Clerk of Court file the Complaint (ECF No. 1-1), but not issue summons at this time.

It is further ordered that claims 1 and 2 relating to Leslie's arrest on December 17, 2022 (ECF No. 1-1 at 1-4) are dismissed with prejudice.

It is further ordered that Leslie's claim relating to Defendant Constaine's testimony at the small claims proceeding on July 30, 2025 (ECF No. 1-1 at 5) is dismissed with leave to amend.

It is further ordered that Leslie's motion for the appointment of counsel (ECF No. 1-2) is denied.

It is further ordered that the Clerk of Court sends to Leslie the approved form for

---

[3]Should Leslie choose to amend this claim, he must allege facts demonstrating that Constaine was acting under the color of state law and that Constaine's actions violated a constitutional right. (*See* ECF No. 5 at 6.)

filing a civil rights complaint under 42 U.S.C. § 1983, instructions for the same, a copy of his original complaint (ECF No. 1-1), and a courtesy copy of General Order No. 2021-05.

It is further ordered that, if Leslie chooses to file an amended complaint curing the deficiencies of his claim against Defendant Constanine, as outlined in this Order, Leslie must file the amended complaint within 30 days from the date of entry of this Order. Failure to do so will result in dismissal of this action.

DATED THIS 23rd Day of January 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE